IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 18-cv-03250-DDD-NYW

JOSHUA J. MARTINEZ

    Plaintiff,

v.

DAN WARWICK,
KEN WILSON,
JAMES KNIGHT,
MICHAEL AVILA,
NICK,
SHERIFF ROBERT JACKSON,
MAEZ,
SANCHEZ,
DEPUTY RAMIREZ,
BIRCH,
INVESTIGATOR STAMBAUGH, and
SERGEANT MONDRAGON,

    Defendants.

## RECOMMENDATION OF UNITED STATES MAGISTRATE JUDGE

Magistrate Judge Nina Y. Wang

This matter comes before the court on the Second Order to Show Cause dated August 21, 2019. *See* [#68]. This court considers this matter pursuant to 28 U.S.C. § 636(b) and the Order Referring Case dated May 7, 2019 [#36]. For the following reasons, this court respectfully **RECOMMENDS** that this civil action be **DISMISSED without prejudice** pursuant to D.C.COLO.LCivR 41.1 for Plaintiff Joshua J. Martinez's ("Plaintiff" or "Mr. Martinez") failure to prosecute and maintain up-to-date contact information, and further that the pending Motions to Dismiss be **DENIED AS MOOT**, subject to re-filing if appropriate.

## BACKGROUND

Plaintiff initiated this action by filing his pro se Complaint on December 18, 2018, *see* [#1], and he has since filed an Amended and Second Amended Complaint, *see* [#6; #25]. As Defendants, Plaintiff names several state actors, including law enforcement officers and jail personnel, alleging that each violated Plaintiff's constitutional rights by transferring Plaintiff to a new jail, pepper spraying Plaintiff, and retaliating against him for filing grievances, among other alleged misconduct. *See generally* [#25]. The Honorable Gordon P. Gallagher had this matter originally drawn to the undersigned Magistrate Judge. *See* [#8].

A status conference was then set for April 29, 2019 by the Order dated February 4, 2019. [#13]. On April 10, 2019, Defendants Michael Avila, James Knight, Nick, and Ken Wilson filed a Motion to Dismiss. [#28]. Plaintiff failed to appear at the status conference on April 29. [#30]. The court issued an Order to Show Cause directing Plaintiff to show cause why the case should not be dismissed for failure to prosecute given his failure to appear. [#31]. Shortly thereafter, the parties declined to consent to the exercise of magistrate judge jurisdiction and the matter was drawn to an Article III judge and referred to the undersigned pursuant to 28 U.S.C. § 636(b) and the Order Referring Case dated May 7, 2019. [#33; #34; #36].

Plaintiff did not directly respond to the Order to Show Cause, but Plaintiff did file a Letter with the court that was docketed as a Notice of Address Change on May 9. [#39]. Based on the representations contained in that letter regarding a competency evaluation scheduled for Plaintiff, the court ordered Mr. Martinez to file a further status report by May 31 to indicate the status of the evaluation. [#40]. That Order was returned undeliverable due to Plaintiff's movement between facilities, but Defendants provided pertinent information in response. [#45]. Given the circumstances before the court, the court discharged the Order to Show Cause, warning Plaintiff

that "failures to appear for court hearings without explanation and failures to notify the court of a change of address within five (5) days of such change may lead to this court recommending dismissal of this action for failure to comply and/or prosecute." [#46 at 2]. That Order was not returned undeliverable.

On June 5, 2019, Plaintiff submitted another letter to the court concerning his address, informing the court that if he were to be released, he intended to use the provided address of P.O. Box 278, Center, Colorado 81125. [#50]. Despite informing the court that he anticipated being released during a bond hearing, Mr. Martinez provided no further correspondence to confirm that he had been released. Nor has the court received a change of address from Mr. Martinez, but the court has received numerous returns indicating that the address on file at the Sagauche County Jail is not the correct address. [#55; #58; #59; #61; #65]. Defendants have represented to the court that Mr. Martinez remains incarcerated and so the court presumes that the address provided if he was released is not valid. *See, e.g.*, [#62 at 2]. But Mr. Martinez, despite previously timely updating his address and despite this court's explicit admonition that he must do so, has not informed the court of any new address.

During this time, Mr. Martinez has failed to fully participate in this case. Plaintiff did not file a timely response, or any response, to Defendant Dan Warwick's Motion to Dismiss, filed June 28, 2019 [#60], and the time to do so expired over one month ago. That motion was served on Mr. Martinez at an address in Pueblo, Colorado, and P.O. Box 278<u>0</u>, Center, Colorado 81125.[1] [*Id.* at 11]. Nor has Mr. Martinez made any substantive filing on the court's docket since June 12, 2019 when he filed a response to the Defendants' Motion to Strike. [#53]. That filing contains the same Sagauche County Jail address Mr. Martinez has been consistently using in this case and which has

---

[1] It is not clear to this court that the P.O. Box number is correct. *Compare* [#60 at 11; #66 at 16] *with* [#50 at 2].

consistently proven inadequate as the court's letters to that address have been returned as discussed above. [#53-2]. And on August 19, 2019, Defendants Jackson, Mondragon, Ramirez, and Stanbaugh filed their Motion to Dismiss. *See* [#66]. That Motion to Dismiss was served on Mr. Martinez at his Saguache County Jail address, as well as P.O. Box 278<u>0</u>, Center, Colorado 81125. [*Id.* at 16].

Given Plaintiff's apparent lack of diligence in pursuing this matter, this court issued a Second Order to Show Cause on August 21, 2019, returnable by Plaintiff on or before September 3, 2019. *See* [#68]. This court again advised Mr. Martinez of his need to actively participate in this matter under Local Rule of Civil Practice 41.1 and of his need to timely inform the court of any change in his contact information under Local Rule of Civil Practice 5.1(c). *See* [*id.* at 3-4]. Specifically, this court explained,

> it appears that Mr. Martinez is failing to prosecute this case by not responding to pending Defense Motions and has violated Local Rule 5.1(c) by failing to keep his contact information up to date despite his demonstrated ability to do so when he was undergoing the competency evaluation. These failures frustrate the court's ability to "secure the just, speedy, and inexpensive determination" of this matter under Federal Rule of Civil Procedure 1. In the presence of extended, unexplained inaction from Plaintiff and failure to abide by the procedural rules applicable in this court, dismissal without prejudice for failure to prosecute appears proper.

[*Id.* at 4].

The court further ordered Defendants to attempt service of the Second Order to Show Cause on Plaintiff, to the extent they were aware of a contact address for Plaintiff. [#68 at 5]. To date, Mr. Martinez has not responded to the Second Order to Show Cause, this being despite this court's order to Defendants attempt service of the Second Order to Show Cause on Mr. Martinez at any address they may have. Defendants Jackson, Mondragon, Ramirez, and Stanbaugh attest that they attempted service of the Second Order to Show Cause at two different mailing addresses (including P.O. Box 278, Center, Colorado 81125 – the address that appears to be what is written

4

in Mr. Martinez's June 5, 2019 correspondence [#50] – as well as with Mr. Martinez's attorney in an unrelated criminal matter. *See* [#70]. Defendants Warwick, Wilson, Avila, Knight, and Huffman also notified the court that they sent the Second Order to Show Cause to the Saguache County Jail upon learning that Mr. Martinez had recently been arrested. *See* [#71].

Presently, Plaintiff has not filed a Response to the Second Order to Show Cause. The time to do so lapsed on September 3, 2019. Further, Plaintiff's time to respond to the Motion to Dismiss filed by Defendants Jackson, Mondragon, Ramirez, and Stanbaugh lapsed on September 9, 2019, with no response.

## ANALYSIS

Local Rule of Civil Practice 41.1, D.C.COLO.LCivR, provides:

> A judicial officer may issue an order to show cause why a case should not be dismissed for lack of prosecution or for failure to comply with these rules, the Federal Rules of Civil Procedure, or any court order. If good cause is not shown within the time set in the show cause order, a district judge or a magistrate judge exercising consent jurisdiction may enter an order of dismissal with or without prejudice.

In addition, D.C.COLO.LCivR 5.1(c) requires pro se parties to maintain current contact information and states that "Notice of change of name, mailing address, or telephone number of an unrepresented prisoner or party shall be filed not later than five days after the change." A party's pro se status does not exempt her from complying with the procedural rules that govern all civil actions filed in this District, namely, the Federal Rules of Civil Procedure and the Local Rules of Practice for the District of Colorado. *See Murray v. City of Tahlequah*, 312 F.3d 1196, 1199 n.2 (10th Cir. 2008). In addition, the court plays a neutral role in the litigation process and cannot assume the role of an advocate for the pro se party. *Adler v. Wal-Mart Stores, Inc.*, 144 F.3d 664, 672 (10th Cir.1998).

The Second Order to Show Cause directed Mr. Martinez to respond in writing by September 3, 2019, articulating why this court should not recommend dismissal of this action for failure to prosecute and to maintain up-to-date contact information. *See* [#68]. The Second Order to Show Cause made clear that this court believed Plaintiff's "extended, unexplained inaction" warranted dismissal of this matter for failure to prosecute. *See* [*id.* at 4]. Mr. Martinez has not responded to the Second Order to Show Cause, and was specifically warned by this court when it discharged the original Order to Show Cause that failure to notify the court of changes of address within five days of such change might lead this court to recommending dismissal of this action for failure to comply and/or prosecute. [#46]. This court has both independently searched for Plaintiff's correct mailing address, *e.g.*, [#31 at 2 n.1], and ordered Defendants to attempt service on Mr. Martinez at various addresses, *e.g.*, [#68; #70; #71], to provide Mr. Martinez with notice of this court's Orders but to no avail. Indeed, Defendants sent a copy of the Second Order to Show Cause to Mr. Martinez's attorney in a separate matter in hopes of reaching Mr. Martinez. [#71]. It is not the role of the court or Defendants to pursue Mr. Martinez or to act as his advocate in any manner. *Yang v. Archuleta*, 525 F.3d 925, 927 n.1 (10th Cir. 2008). Given Mr. Martinez's failure to abide by court Orders and this District's Local Rules of Civil Procedure and given his lack of diligence in litigating this matter, dismissal of this civil action for lack of prosecution is warranted. *See Nasious v. Two Unknown B.I.C.E. Agents*, 492 F.3d 1158, 1161 (10th Cir. 2007) (providing that when dismissing a case without prejudice, "a district court may, without abusing its discretion, enter such an order without attention to any particular procedures."); *see also Reed v. Bennett*, 312 F.3d 1190, 1195 (10th Cir. 2002) ("A district court undoubtedly has discretion to sanction a party for failing to prosecute or defend a case, or for failing to comply with local or federal procedural rules.").

Also pending before this court are three Motions to Dismiss. *See* [#28; #60; #66]. Given Mr. Martinez's failure to respond to the Second Order to Show Cause or update the court of his new mailing address and this court's conclusion that dismissal without prejudice is appropriate, this court respectfully **RECOMMENDS** that the Motions to Dismiss be **DENIED AS MOOT**, subject to re-filing if appropriate. *See Echenique v. Goodwill Indus. of Denver*, No. 13CV00556-PAB-MJW, 2014 WL 459776, at *6 (D. Colo. Feb. 4, 2014) (recommending that the pending motions to dismiss be denied as moot given the court's conclusion that dismissal for failure to prosecute was warranted).

## CONCLUSION

For the reasons stated herein, this court respectfully **RECOMMENDS** that:

(1) This civil action be **DISMISSED without prejudice** pursuant to D.C.COLO.LCivR 41.1 for Plaintiff's failure to prosecute, comply with Orders of the court, and this District's Local Rules of Civil Practice; and

(2) Defendants' Motions to Dismiss [#28; #60; #66] be **DENIED AS MOOT**, subject to re-filing if appropriate.[2]

---

[2] Within fourteen days after service of a copy of the Recommendation, any party may serve and file written objections to the Magistrate Judge's proposed findings and recommendations with the Clerk of the United States District Court for the District of Colorado. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); *In re Griego*, 64 F.3d 580, 583 (10th Cir. 1995). A general objection that does not put the District Court on notice of the basis for the objection will not preserve the objection for *de novo* review. "[A] party's objections to the magistrate judge's report and recommendation must be both timely and specific to preserve an issue for de novo review by the district court or for appellate review." *United States v. One Parcel of Real Property Known As 2121 East 30th Street, Tulsa, Oklahoma*, 73 F.3d 1057, 1060 (10th Cir. 1996). Failure to make timely objections may bar *de novo* review by the District Judge of the Magistrate Judge's proposed findings and recommendations and will result in a waiver of the right to appeal from a judgment of the district court based on the proposed findings and recommendations of the magistrate judge. *See Vega v. Suthers*, 195 F.3d 573, 579-80 (10th Cir. 1999) (District Court's decision to review a Magistrate Judge's recommendation *de novo* despite the lack of an objection does not preclude application of the "firm waiver rule"); *International Surplus Lines Insurance Co. v. Wyoming Coal Refining Systems, Inc.*, 52 F.3d 901, 904 (10th Cir. 1995) (by failing to object to certain portions of the

A copy of this Recommendation shall be sent to:

> Joshua J. Martinez
> Saguache County Jail
> P.O. Box 291
> Saguache, CO 81149;
>
> Joshua Martinez
> 456 Miles Street
> Center, Colorado 81125; and
>
> Joshua Martinez
> P.O. Box 278
> Center, Colorado 81125

DATED: September 23, 2019                    BY THE COURT:

                                                                                  _____
                                                                                  Nina Y. Wang
                                                                                  United States Magistrate Judge

---

Magistrate Judge's order, cross-claimant had waived its right to appeal those portions of the ruling); *Ayala v. United States*, 980 F.2d 1342, 1352 (10th Cir. 1992) (by their failure to file objections, plaintiffs waived their right to appeal the Magistrate Judge's ruling). *But see Morales-Fernandez v. INS*, 418 F.3d 1116, 1122 (10th Cir. 2005) (firm waiver rule does not apply when the interests of justice require review).