IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Judge Daniel D. Domenico

Civil Action No. 1:18-cv-03250-DDD-NYW

JOSHUA J. MARTINEZ,

    Plaintiff,

v.

KEN WILSON, MICHAEL AVILA, JAMES KNIGHT, NICK, SHERIFF ROBERT JACKSON, MAEZ, SANCHEZ, DEPUTY RAMIREZ, BIRCH, INVESTIGATOR STAMBAUGH, and SERGEANT MONDRAGON,

    Defendants.

## ORDER AFFIRMING RECOMMENDATION OF MAGISTRATE JUDGE

Before the Court are Plaintiff Joshua J. Martinez's objections (Doc. 74, "Objections") to the recommendation of Magistrate Judge Wang that Mr. Martinez's case be dismissed without prejudice for failure to prosecute (Doc. 72, "Recommendation" or "Rec."). Because Mr. Martinez has repeatedly failed to meet deadlines and otherwise prosecute his case, the Court **ADOPTS** and **AFFIRMS** the Recommendation.

### BACKGROUND

Magistrate Judge Wang recited the relevant background in the Recommendation, none of which Mr. Martinez disputes:

> Plaintiff initiated this action by filing his pro se Complaint on December 18, 2018, *see* [#1], and he has since filed an Amended and Second Amended Complaint, *see* [#6; #25]. As Defendants, Plaintiff names several state actors, including law enforcement officers and jail personnel, alleging that each violated Plaintiff's constitutional rights by

transferring Plaintiff to a new jail, pepper spraying Plaintiff, and retaliating against him for filing grievances, among other alleged misconduct. *See generally* [#25]. The Honorable Gordon P. Gallagher had this matter originally drawn to … Magistrate Judge [Wang]. *See* [#8].

A status conference was then set for April 29, 2019 by the Order dated February 4, 2019. [#13]. On April 10, 2019, Defendants Michael Avila, James Knight, Nick, and Ken Wilson filed a Motion to Dismiss. [#28]. Plaintiff failed to appear at the status conference on April 29. [#30]. The court issued an Order to Show Cause directing Plaintiff to show cause why the case should not be dismissed for failure to prosecute given his failure to appear. [#31]. Shortly thereafter, the parties declined to consent to the exercise of magistrate judge jurisdiction and the matter was drawn to an Article III judge and referred to the undersigned pursuant to 28 U.S.C. § 636(b) and the Order Referring Case dated May 7, 2019. [#33; #34; #36]. Plaintiff did not directly respond to the Order to Show Cause, but Plaintiff did file a Letter with the court that was docketed as a Notice of Address Change on May 9. [#39]. Based on the representations contained in that letter regarding a competency evaluation scheduled for Plaintiff, the court ordered Mr. Martinez to file a further status report by May 31 to indicate the status of the evaluation. [#40]. That Order was returned undeliverable due to Plaintiff's movement between facilities, but Defendants provided pertinent information in response. [#45]. Given the circumstances before the court, the court discharged the Order to Show Cause, warning Plaintiff that "failures to appear for court hearings without explanation and failures to notify the court of a change of address within five (5) days of such change may lead to this court recommending dismissal of this action for failure to comply and/or prosecute." [#46 at 2]. That Order was not returned undeliverable.

On June 5, 2019, Plaintiff submitted another letter to the court concerning his address, informing the court that if he were to be released, he intended to use the provided address of P.O. Box 278, Center, Colorado 81125. [#50]. Despite informing the court that he anticipated being released during a bond hearing, Mr. Martinez provided no further correspondence to confirm that he had been released. Nor has the court received a change of address from

Mr. Martinez, but the court has received numerous returns indicating that the address on file at the Sagauche County Jail is not the correct address. [#55; #58; #59; #61; #65]. Defendants have represented to the court that Mr. Martinez remains incarcerated and so the court presumes that the address provided if he was released is not valid. *See, e.g.*, [#62 at 2]. But Mr. Martinez, despite previously timely updating his address and despite this court's explicit admonition that he must do so, has not informed the court of any new address.

During this time, Mr. Martinez has failed to fully participate in this case. Plaintiff did not file a timely response, or any response, to Defendant Dan Warwick's Motion to Dismiss, filed June 28, 2019 [#60], and the time to do so expired over one month ago. That motion was served on Mr. Martinez at an address in Pueblo, Colorado, and P.O. Box 2780, Center, Colorado 81125.1 [*Id.* at 11]. Nor has Mr. Martinez made any substantive filing on the court's docket since June 12, 2019 when he filed a response to the Defendants' Motion to Strike. [#53]. That filing contains the same Sagauche County Jail address Mr. Martinez has been consistently using in this case and which has consistently proven inadequate as the court's letters to that address have been returned as discussed above. [#53-2]. And on August 19, 2019, Defendants Jackson, Mondragon, Ramirez, and Stanbaugh filed their Motion to Dismiss. See [#66]. That Motion to Dismiss was served on Mr. Martinez at his Saguache County Jail address, as well as P.O. Box 2780, Center, Colorado 81125. [*Id.* at 16].

Given Plaintiff's apparent lack of diligence in pursuing this matter, this court issued a Second Order to Show Cause on August 21, 2019, returnable by Plaintiff on or before September 3, 2019. *See* [#68]. This court again advised Mr. Martinez of his need to actively participate in this matter under Local Rule of Civil Practice 41.1 and of his need to timely inform the court of any change in his contact information under Local Rule of Civil Practice 5.1(c). *See* [*id.* at 3-4]. Specifically, this court explained,

> it appears that Mr. Martinez is failing to prosecute this case by not responding to pending Defense Motions and has violated Local Rule 5.1(c) by failing to keep his contact information up to date despite his demonstrated

> ability to do so when he was undergoing the competency evaluation. These failures frustrate the court's ability to "secure the just, speedy, and inexpensive determination" of this matter under Federal Rule of Civil Procedure 1. In the presence of extended, unexplained inaction from Plaintiff and failure to abide by the procedural rules applicable in this court, dismissal without prejudice for failure to prosecute appears proper.
>
> [*Id.* at 4].
>
> The court further ordered Defendants to attempt service of the Second Order to Show Cause on Plaintiff, to the extent they were aware of a contact address for Plaintiff. [#68 at 5]. To date, Mr. Martinez has not responded to the Second Order to Show Cause, this being despite this court's order to Defendants attempt service of the Second Order to Show Cause on Mr. Martinez at any address they may have. Defendants Jackson, Mondragon, Ramirez, and Stanbaugh attest that they attempted service of the Second Order to Show Cause at two different mailing addresses (including P.O. Box 278, Center, Colorado 81125 – the address that appears to be what is written in Mr. Martinez's June 5, 2019 correspondence [#50] – as well as with Mr. Martinez's attorney in an unrelated criminal matter. *See* [#70]. Defendants Warwick, Wilson, Avila, Knight, and Huffman also notified the court that they sent the Second Order to Show Cause to the Saguache County Jail upon learning that Mr. Martinez had recently been arrested. *See* [#71].
>
> Presently, Plaintiff has not filed a Response to the Second Order to Show Cause. The time to do so lapsed on September 3, 2019. Further, Plaintiff's time to respond to the Motion to Dismiss filed by Defendants Jackson, Mondragon, Ramirez, and Stanbaugh lapsed on September 9, 2019, with no response.

Recommendation at 2–5.

Based on these facts, Magistrate Judge Wang recommended that the Court dismiss without prejudice Mr. Martinez's case. *Id.* at 7. She explained that dismissal was proper pursuant to District of Colorado Local

Civil Rules 41.1 and 5.1(c) due to Mr. Martinez's repeated failures to update the Court on his address or respond to the Court's orders, including the second order to show cause. *Id.* at 5–6.

The Recommendation noted that, under Federal Rule of Civil Procedure 72, Mr. Martinez's objections to the Recommendation must be filed within fourteen days of its service. *Id.* at 7 n.2. The recommendation was served on Mr. Martinez on September 24, 2019, meaning he needed to file his objections with the Court by October 8, 2019. Despite this, Mr. Martinez filed his objection on October 9, 2019.

## ANALYSIS

In the absence of a timely objection, the Court may review a magistrate judge's recommendation under any standard it deems appropriate. *Summers v. Utah*, 927 F.2d 1165, 1167 (10th Cir. 1991) (citing *Thomas v. Arn*, 474 U.S. 140, 150, 154 (1985)). But if an objection is timely filed within the fourteen-day deadline of Rule 72(b), "the district judge must determine de novo any part of the magistrate judge's disposition that has been properly objected to." Fed. R. Civ. P. 72(b)(3). To obtain de novo review, any objection must be "sufficiently specific to focus the district court's attention on the factual and legal issues that are truly in dispute." *United States v. One Parcel of Real Prop., With Buildings, Appurtenances, Improvements, & Contents, Known as: 2121 E. 30th St., Tulsa, Oklahoma*, 73 F.3d 1057, 1060 (10th Cir. 1996). The Court's review of Mr. Martinez's objections is also influenced by the rule that where, as here, a plaintiff is *pro se*, his pleadings must be construed liberally. *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991).

On October 10, 2019, Mr. Martinez filed a letter with the Court, which it construes as objections to the Recommendation. In it, Mr. Martinez makes two basic assertions. He says he filed a notice of change of

address with the Court in June 2019. Objections at 1. And he says that although he would like to pursue these civil matters, he hasn't been able to do so because he cannot find counsel and has been "drained financially" defending against criminal charges in Saguache County. *Id.* at 2.

The Court overrules Mr. Martinez's objections for several reasons. First, although his objection letter is dated October 5, 2019, it wasn't filed with the Court until October 9, which was beyond the 14 days required by law and explained by Judge Wang. *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); Recommendation at n.2. Because Mr. Martinez failed to timely object to the Recommendation this Court could affirm the Recommendation under any standard of review it deems appropriate. Second, even if the Objections had been timely, Mr. Martinez has failed to submit sufficiently specific objections to warrant a de novo review of the Recommendation. Other than noting that he had, in fact, been receiving court documents at the address provided (which he did not respond to), the Objections do not give any reason to undermine Judge Wang's analysis. Third, while it is true that Mr. Martinez notified the Court of his change of address in June 2019, he failed to communicate with the Court or otherwise prosecute his case after that. Indeed, his letter acknowledges that the Court's various orders have been reaching him; he simply did not respond to them. And finally, neither pro se status nor pending criminal cases are sufficient cause to relieve Mr. Martinez of his duty to follow court orders and deadlines. His objections, in fact, do not give any reason to think he will do so in the future. Accordingly, the Court overrules Mr. Martinez's objections.

For the foregoing reasons, the Court **OVERRULES** Mr. Martinez's objections (Doc. 74); **ADOPTS** and **AFFIRMS** the Recommendation (Doc. 72); and **ORDERS** that this action be **DISMISSED** without prejudice for Plaintiff's failure to prosecute, failure to comply with orders of

the Court, and this District's Local Rules of Civil Practice; and **DENIES AS MOOT** Defendants' Motions to Dismiss (Docs. 28, 60, 66), subject to re-filing if appropriate.

DATED: April 9, 2020

BY THE COURT:

Hon. Daniel D. Domenico